UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENELL RENE LAHRING,

   Plaintiff,            Civil Action No. 19-10324
vs.                   HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

**OPINION & ORDER**
**(i) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13),**
**(ii) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), and**
**(iii) AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION**

  Plaintiff Jenell Rene Lahring appeals the final determination of the Commissioner of Social Security denying her claim for disability insurance benefits. Both parties have filed summary judgment motions (Dkts. 13, 14). For the reasons that follow, Lahring's motion for summary judgment is denied, Defendant's motion for summary judgment is granted, and the final decision of the Commissioner is affirmed.

### I. BACKGROUND

  On March 18, 2016, Lahring filed an application for disability insurance benefits, alleging disability beginning on October 10, 2014. Admin. Record ("AR") at 43 (Dkt. 11-2). The claim was denied on November 4, 2016. Id. Thereafter, Lahring filed a timely request for an administrative hearing, which was held on February 15, 2018, before Administrative Law Judge ("ALJ") Andrew G. Sloss. Id. at 12. Lahring, who was represented by attorney Gary Andrus, testified, as did vocational expert ("VE") Pauline A. McEachin. Id. at 13-14. On March 22, 2018, the ALJ issued a written decision holding that Lahring was not disabled. Id. at 40. On December 3, 2018, the Appeals Council denied review. Id. at 1. Lahring filed for judicial review of the final decision on February 1, 2019 (Dkt. 1).

Lahring was forty-seven years old at the time of the ALJ hearing. She has completed her GED, has completed some college, and has a Michigan Mortgage License. AR at 15. She worked for fifteen years as a loan officer at Genesee First Credit Union. Id. at 16. She took time off from work to care for her mother in October 2014. Id. at 385. In January 2015, Lahring was in a serious car accident that resulted in cervical disc herniations at C5-C6 and C6-C7 with radiculopathy. Id. at 620. Lahring did not return to work. In November 2016, Lahring underwent an anterior cervical discectomy and fusion at C5-C6 and C6-C7, including placement of a SeaSpine Cabo plate and six variable angle self-drilling screws. Id. at 621-623.

The ALJ reached his conclusion that Lahring was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520(a). He found that Lahring had not engaged in substantial gainful activity from October 10, 2014, through her date last insured of December 31, 2020 (step one). Lahring had done some work for pay during that time, but the earnings did not meet the substantial gainful activity threshold. Lahring has degenerative disc disease which is "severe" within the meaning of the Social Security Act (step two). The ALJ acknowledged that Lahring also has migraine headaches, carpal tunnel syndrome, asthma, anemia, obesity, hypertension, and upper extremity numbness, and he also acknowledged she has depression and anxiety, but he found that those impairments were not severe. AR at 46-47. The ALJ also determined that none of those impairments alone or in combination met or equaled a listing in the regulations, considering Listings 1.04 (disorders of the spine) (step three).

Before proceeding further, the ALJ determined that Lahring has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he found that Lahring could only occasionally climb ramps or stairs, and can balance only frequently. The ALJ also determined that Lahring is limited to frequent handling and fingering. AR at 49.

At step four, the ALJ concluded that Lahring was able to perform the duties of her past relevant work as a loan clerk, which is work performed at the sedentary work level. Based on that

2

finding, the ALJ did not proceed to the fifth step and concluded that Lahring was not disabled within the meaning of the Social Security Act.

## II. LEGAL STANDARD

Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Lahring argues that the ALJ's RFC determination is unsupported by substantial evidence. Pl. Mot. at 19. Specifically, Lahring maintains that the ALJ failed to include functional limitations related to her cervical and lumbar spine degenerative disc disease, as well as her left upper extremity radiculopathy, migraine headaches, bilateral carpal tunnel syndrome, depression, and anxiety. Id. at 20. Defendant argues that the ALJ's RFC assessment is supported by substantial evidence and, therefore, the decision must be affirmed. Defendant has the better part of the argument.

3

In making the RFC assessment, an ALJ must follow SSR 96-8p, which requires the ALJ to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" However, it is well settled that ALJs are not required to discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

Id. (quoting Loral Defense Systems–Akron v. N.L.R.B., 200 F.3d 436, 453 (6th Cir. 1999) (some marks omitted)). Lahring's impairments will be discussed in turn.

**A. Left Extremity Weakness and Left Shoulder Impingement**

Lahring argues that the ALJ failed to discuss the May 3, 2016, MRI of her left shoulder showing that she has infraspinatus tendinitis in the left shoulder. Pl. Mot. at 20; see also May 2016 MRI results, AR at 643-644 (Dkt. 11-13). However, as noted above, the ALJ was not required to address every piece of evidence submitted by Lahring in his written decision. See Kornecky, 167 F. App'x at 508. Nonetheless, there is substantial evidence in the record to support the ALJ's RFC determination with respect to left extremity weakness, and Lahring has not pointed to evidence in the record that would support a more restrictive RFC determination to address her left shoulder impingement.

Based on the May 2016 MRI results, and Lahring's cervical spine pain, Lahring was referred to an orthopedic surgeon. AR at 695. The orthopedic surgeon conducted a physical examination and observed that Lahring had negative Spurling's sign, full range of motion in her shoulder, muscles that fired well, and good grip strength. Id. at 562. The surgeon reviewed an x-ray and noted no joint abnormality. Id. He discussed with Lahring that her pain stemmed from the cervical spine and radiculopathy, and that the pain was not coming from her shoulder. Id.

4

Shortly after the orthopedic surgeon appointment, Lahring met with consultative examiner Dr. Sayyid. Id. at 462. Dr. Sayyid noted that Lahring had full range of movement in all joints. Id. In his RFC assessment, Dr. Ordman noted that Lahring has cervical neck pain resulting from the motor vehicle accident, id. at 471, but that her symptoms, including left hand movement, were inconsistent with the relatively mild objective evidence, id. at 477.[1] Dr. Ordman explained that Lahring's exertional limitations were not fully validated by the medical examiner report, and that Lahring is capable of performing self-care, such as household chores and driving a car. Id. at 477.

Lahring has not satisfied her burden of demonstrating that a more restrictive RFC determination is warranted based on her left should impingement. Based on the foregoing, the ALJ's RFC determination that Lahring can perform to perform light work, subject to some additional limitations, is supported by substantial evidence.

**B. Migraine Headaches**

Lahring argues that the ALJ's determination that her migraine headaches are not a severe impairment is not supported by substantial evidence. Pl. Mot. at 22. Lahring argues that the ALJ failed to consider certain evidence in the record related to her headaches. Id. at 23. Again, the ALJ is not required to consider every piece of evidence submitted by a claimant. See Kornecky, 167 F. App'x at 508. The question is whether the ALJ's decision is supported by evidence that reasonable minds might accept as adequate to support a given conclusion. Lindsley, 560 F.3d at 604. Here, the ALJ's finding that Lahring's migraine headaches were not severe within the meaning of the Social Security Act is supported by substantial evidence.

The ALJ explained that Lahring's alleged symptoms, that she is unable to function for days at a time and has difficulty concentrating, could reasonably be expected to be caused by migraine headaches. AR at 50. However, he found Lahring's statements concerning the intensity,

---

[1] The ALJ gave Dr. Ordman's opinion partial weight. AR at 53.

persistence, and limiting effects not entirely consistent with the record evidence. Id. He noted that imaging and extensive neurological workup, including an electroencephalogram study, have been negative for any brain or cranial abnormalities. AR at 46. Moreover, Lahring has frequently reported that her headaches had resolved, improved, or were intermittent and stable. Id. (citing AR at 489 ("Lahring reports that headaches have largely resolved."); AR at 320 ("The headaches continue[] to be there but less frequent. There is much improvement since the last visit. . . . The meds help[]."); AR at 335 ("Her headaches are persisting but tolerable."); AR at 842 ("Headache improved partially."); AR at 859 ("[H]eadaches are intermittent. Stable.")).

Based on the forgoing, the ALJ found that Lahring's migraine headaches were not severe impairments. Certainly, as Lahring points out, there is substantial evidence in the record that would support a contrary conclusion, see Pl. Mot. at 22-23, but if the ALJ's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip, 25 F.3d at 286 (citations omitted). Because the ALJ's decision that Lahring's migraine headaches are not severe impairments within the meaning of the Social Security Act is supported by substantial evidence in the record, the ALJ's finding is affirmed.

### C. Bilateral Carpal Tunnel Syndrome

Lahring argues that the RFC limitation that Lahring is able to "frequently handle and finger bilaterally" is not supported by substantial evidence. Pl. Mot. at 24. She argues that for a person with a repetitive motion disorder, at a minimum, the RFC should have been limited to no more than occasional handling and fingering. Id. She supports this position by relying on a database used by VEs that recommends that for individuals with repetitive motion disorders, the physical demands of fingering should be set at occasional. Id. (citing AR at 283). However, she does not cite evidence in the record refuting the ALJ's factual finding (based on multiple medical examinations) that the evidence does not support more than a minimal functional limitation, which

6

is reflected in the RFC. Instead, she relies on a database used by VEs suggesting that individuals with repetitive motion disorders should be limited to only occasional fingering. Id. at 24. Even assuming that the VE database is persuasive authority, Lahring has not met her burden of showing that her bilateral carpal tunnel syndrome causes more than minimal functional limitations. See Watters, 530 F. App'x at 425.

The ALJ's RFC limitation with respect to Lahring's bilateral carpal tunnel syndrome is supported by substantial evidence, and Lahring has failed to demonstrate that a greater limitation is otherwise warranted.

### D. Major Depression and Anxiety

Lahring argues that the ALJ erred by failing to include any limitations in the RFC regarding her depression and anxiety. Pl. Mot. at 24. The ALJ concluded that Lahring's medical impairments, considered singly or in combination, do not cause more than minimal limitations. AR at 47. He explained that Lahring does not have a significant history of mental health treatment and that her reports of mental health symptoms have been inconsistent, noting Lahring reported being very depressed in October 2016, but in the same month reported that she was in a good mood with no depression. Id. The ALJ observed that Lahring attributed most of her dysfunction to physical, as opposed to mental, conditions, as well as to situational stressors. Id. Lahring also frequently reported having no anxiety or depression throughout 2017. Id.

Lahring generally disagrees with the ALJ's reasoning, but she does not provide legal or record citation for her position. See Pl. Mot. at 24-25. She cites Dr. Karen Marshall's psychological/psychiatric medical report, but she does not explain why the report undermines the ALJ's analysis. See id. at 25 (citing AR at 451-454). Nor is it clear why the report would undermine the ALJ's decision. Dr. Marshall diagnosed Lahring with depression and anxiety, but she also explained that Lahring is "able to understand, remember, and complete simple and repetitive tasks. In regard[] to complex tasks, she may complete them at a mild to moderately

7

decreased rate of pace, due to distractibility and fatigue supported by her anxiety and depression." AR at 454. Dr. Marshall's report does not contradict the ALJ's finding that Lahring's depression and anxiety do not cause more than minimal limitations.

Moreover, it is well established that the RFC determination is an issue reserved to the Commissioner. See, e.g., Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (citing Titles II & XVI: Med. Source Opinions on Issues Reserved to the Comm'r, SSR 96-5P (S.S.A. July 2, 1996) (rescinded effective March 27, 2017). The ALJ cannot ignore medical opinions, such as Dr. Marshall's opinion, but the opinions are not entitled to controlling weight or special significance with respect to the RFC determination. SSR 96-5P.[2] The ALJ did not ignore Dr. Marshall's opinion, see AR at 48 (citing Dr. Marshall's report); see also AR at 53 (discussing Dr. Marshall's opinion and giving it limited weight), and the report is not inconsistent with the RFC determination. Therefore, the ALJ's RFC determination with respect to Lahring's is supported by substantial evidence.

Admittedly, there is evidence in the record that would support a more restrictive RFC determination based on Lahring's impairments (considered singly or in combination), however, administrative findings "are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). "If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm." Id. (citing Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)). The ALJ's RFC determination and factual finding that Lahring was not disabled within the meaning of the

---

[2] Although SSR 96-5P was rescinded effective March 27, 2017, it still applies to claims, such as Lahring's, filed before that date. 20 C.F.R. § 404.1527.

8

Social Security Act is supported by substantial evidence. Therefore, the ALJ's decision is affirmed.

## III. CONCLUSION

For the reasons discussed above, Lahring's motion for summary judgment (Dkt. 13) is denied, Defendant's motion for summary judgment (Dkt. 14) is granted, and the ALJ's decision is affirmed.

SO ORDERED.

Dated: March 19, 2020　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge